

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2008

# USA v. Nicks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4103

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Nicks" (2008). *2008 Decisions*. Paper 1576.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1576

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 06-4103 and 06-4104
_____

UNITED STATES OF AMERICA

v.

ROBERT ANWAR NICKS,
a/k/a JAYWINE MASON

Robert Anwar Nicks,
Appellant

_____

Appeals from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Nos. 05-cr-00404 and 06-cr-00120)
District Judge:  Honorable Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
January 29, 2008

Before:  SCIRICA, Chief Judge, and RENDELL, Circuit Judges
and THOMPSON, *District Judge.

(Filed :   February 20, 2008)

_____

OPINION OF THE COURT

_____

*Honorable Anne E. Thompson, Senior Judge of the United States District Court for the
District of New Jersey, sitting by designation.

RENDELL, *Circuit Judge*.

Robert Anwar Nicks' counsel has filed a brief pursuant to *Anders v. California*, 365 U.S. 738 (1967), and Third Circuit Local Appellate Rule 109.2, asking for permission to withdraw from this case. Since there is no non-frivolous issue for appeal, we will affirm the District Court's judgment and grant counsel's motion to withdraw.

In Charlotte-Mecklenburg, North Carolina, Nicks shot and killed a man who had abducted his mother at gunpoint and had raised his weapon when Nicks demanded his mother's release. The District Attorney decided not to prosecute Nicks because he thought Nicks had a perfect defense. The federal government, however, charged him for being a felon in possession of a firearm.

While on pretrial release, Nicks absconded from supervision. Acting on a tip regarding an armed fugitive, the police located Nicks at a hotel in Pennsylvania. He told the police that he was unarmed but then reached into his shorts to remove a large pointed object. The police then drew their weapons and Nicks fled to a parking lot across the highway, leaving two loaded handguns in his flight path. He unsuccessfully attempted to take two separate couples' car keys before the police subdued him.

Nicks pled guilty to two counts of attempted carjacking and one count of being a felon in possession of a firearm in connection with the Pennsylvania incident, and also pled guilty to the prior felon-in-possession charge stemming from the North Carolina incident. The initial presentence investigation report ("PSR") cross-referenced the first-

degree murder section of the Sentencing Guidelines for the North Carolina offense, and thus recommended a life sentence (which would have been capped at the 50-year statutory maximum). After counsel objected, the Probation Office revised the PSR to treat the North Carolina killing as voluntary manslaughter and thus decreased its recommendation to a 324-405 month Guidelines range.

Defense counsel and the Government met to resolve objections to the revised PSR and stipulated to a 168-210 month Guidelines range, agreeing that, if the Court accepted their joint recommendation, they would limit their arguments to where within that range the sentence should be. The agreed-upon range was based on a voluntary manslaughter cross-reference for the North Carolina offense and a two-point reduction for acceptance of responsibility. The Court accepted the parties' recommendation and sentenced Nicks to 180 months in prison. Nicks subsequently filed this appeal, over which we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Our evaluation of an *Anders* brief entails a two-part inquiry. First, we must determine whether counsel has thoroughly examined the record for appealable issues and has successfully explained why all such issues are frivolous. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Second, we must determine whether an independent review of the record reveals any non-frivolous issues. *Id.* In a situation like this, where the *Anders* brief appears adequate on its face and the appellant has submitted a pro se brief identifying what he believes to be non-frivolous issues for appeal, we confine our review

3

to those portions of the record identified by either of the two briefs. *See id.* at 310.

Having pled guilty, Nicks may argue on appeal only (1) that the Court did not have jurisdiction to convict and/or sentence him, (2) that his plea was unknowing, involuntary, or otherwise invalid, or (3) that his sentence was illegal. *See United States v. Broce*, 488 U.S. 563, 569 (1989); 18 U.S.C. § 3742(a). We are satisfied that defense counsel has thoroughly examined the record and has successfully demonstrated that there is no non-frivolous appealable issue in any of these three categories. First, as counsel explains, the District Court had jurisdiction over this matter because Nicks pled guilty to *federal* offenses. *See* U.S.C. § 3231. Second, counsel rightly points out that the transcript of the plea colloquy presents no reason to conclude that Nicks' plea was unknowing, involuntary, or otherwise invalid. Third, counsel argues correctly that Nicks' sentence — which was imposed after the Court's meaningful consideration of the relevant 18 U.S.C. § 3553(a) factors and was toward the lower end of the Guidelines range to which Nicks had stipulated — was reasonable. Counsel directs us to one more potential issue regarding the legality of Nicks' sentence: in the plea agreement, the Government agreed to move for a three-point reduction if Nicks demonstrated acceptance of responsibility, but it did not end up doing so at sentencing. As counsel explains, however, any argument on this issue is frivolous because Nicks effectively waived any challenge to this part of his sentence by later stipulating to a 168-210 Guidelines range based on a two-point reduction for acceptance of responsibility.

4

In his pro se brief, Nicks argues that there are three separate non-frivolous issues for appeal. First, he contends that he should be able to withdraw his plea because the prosecution did not present a sufficient factual basis for the carjacking charges — specifically, it failed to include the interstate commerce nexus required by the federal carjacking statute, *see* 18 U.S.C. § 2119, in the factual basis it read aloud at the plea colloquy. *See* Fed. R. Crim. P. 11(b)(3). This argument fails for two reasons. First, although the Government did not state at the plea colloquy that the cars Nicks attempted to carjack had traveled in interstate commerce, the District Court clearly did. In reviewing the charges with Nicks at the beginning of the colloquy, the Court explained that he would be pleading guilty to attempting to carjack "a green 1995 Ford Explorer . . . that had been transported, shipped, and received in interstate and foreign commerce" and a "1997 Nissan four-door . . . that had been transported, shipped, and received in interstate and foreign commerce." (App. 52-53.) Second, even if the Court did err by accepting Nicks' plea without the Government having included carjacking's interstate commerce element in its statement of the factual basis, there is no indication that Nicks would not have pled guilty otherwise and, thus, no reason to allow him to withdraw his plea at this point. *See United States v. Knobloch*, 131 F.3d 366, 370 (3d Cir. 1997).

Second, Nicks argues that the District Court erred by cross-referencing the voluntary manslaughter Guidelines section for the North Carolina felon-in-possession offense, even though the local District Attorney had concluded that Nicks had a perfect

defense for killing his mother's abductor. This argument is frivolous because, again, Nicks stipulated to a Guidelines range premised on the voluntary manslaughter cross-reference.

Finally, Nicks argues that he should be able to withdraw his guilty plea because the Government violated its promise in the plea agreement that "if the United States believes the defendant has provided 'substantial assistance' . . . , the United States may request the Court to depart below any applicable mandatory minimum range and/or the guideline range when fixing a sentence." (App. 35-36.) This issue is frivolous because Nicks effectively waived this part of the plea agreement when he stipulated to a particular Guidelines range and agreed to limit all subsequent argument to where within that range his sentence should be.

Since counsel has fulfilled his *Anders* obligations and our independent review of the record yields no non-frivolous issues for appeal, we will AFFIRM the District Court's judgment and GRANT counsel's motion to withdraw.